FILED
United States Court of Appeals
Tenth Circuit

February 4, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIGUEL ANGEL VERGARA-
CARRETO, a/k/a Miguel Vergara,

    Petitioner,

v.

ROBERT M. WILKINSON, Acting United
States Attorney General,[*]

    Respondent.

No. 20-9519
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Miguel Vergara-Carreto is a native and citizen of Mexico. The Board of

Immigration Appeals (BIA) affirmed the denial by an immigration judge (IJ) of his

_____

[*] On January 20, 2021, Robert M. Wilkinson became Acting Attorney General of the United States. Consequently, his name has been substituted for William P. Barr as Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application for cancellation of removal under 8 U.S.C. § 1229b(b)(1) and dismissed his appeal.

In the briefs on his petition for review by this court, Mr. Vergara-Carreto argues that the IJ acted as a partisan adjudicator, thereby denying him due process; that the IJ and BIA treated his claim of hardship differently from that of similarly situated persons, violating his right to equal protection; and that the BIA failed to consider all relevant evidence in connection with his claim of exceptional and extremely unusual hardship, violating due process. But Mr. Vergara-Carreto did not exhaust his "partisan adjudicator" argument before the BIA, and his remaining arguments ignore the independently dispositive finding of the IJ that he lacked the requisite good moral character to qualify for cancellation of removal. Exercising jurisdiction under 8 U.S.C. § 1252(a), we dismiss the petition for review in part and deny it in part.

## I. BACKGROUND

Mr. Vergara-Carreto entered the United States in 1992 and has remained in the country continuously since then, save for a less-than-one-month absence in 2004 when he briefly visited Mexico. He is married and lived with his wife and three of his U.S.-citizen children who were aged 13, 12, and 4 at the time the IJ entered its decision. The Department of Homeland Security issued him a Notice to Appear, charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i). He conceded removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

2

To be eligible for a discretionary grant of cancellation under § 1229b(b)(1), an alien must establish four elements: (1) continuous physical presence in the United States for at least ten years before the application, (2) good moral character during the same period, (3) no convictions for certain crimes specified elsewhere in the INA, and (4) "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)–(D). The failure to establish one element precludes eligibility for relief under this section.

After an evidentiary hearing the IJ denied Mr. Vergara-Carreto's application for cancellation of removal on two grounds. First, he found that Mr. Vergara-Carreto did not meet his burden of establishing he had been a person of good moral character for the ten years preceding his application. *See* 8 U.S.C. § 1229b(b)(1)(B). Second, he found that, although Mr. Vergara-Carreto's removal would require his children to relocate to Mexico and that such relocation would result in hardship, Mr. Vergara-Carreto did not demonstrate that the resulting hardship would be exceptional and extremely unusual. *See id.* §1229b(b)(1)(D).

Mr. Vergara-Carreto appealed to the BIA. The BIA "adopt[ed] and affirm[ed] the [IJ]'s . . . decision denying [Mr. Vergara-Carreto]'s application for cancellation of removal, for the reasons stated therein with the following notations." R. at 3. The additional notations in the BIA's opinion expounded upon the IJ's findings that Mr. Vergara-Carreto failed to demonstrate exceptional and extremely unusual hardship. Mr. Vergara-Carreto thereafter filed a petition for review with this court.

3

## II. ANALYSIS

### A. Standard of Review

"[W]e review the BIA's decision[, which was issued under 8 C.F.R. § 1003.1(e)(5),] as the final agency determination and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). But "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "This is especially appropriate where," as in this case, "the BIA incorporates by reference the IJ's rationale." *Id.*

Subject to exceptions not applicable here, we lack jurisdiction to consider arguments that Mr. Vergara-Carreto did not first exhaust before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1282 (10th Cir. 2020). "[A]n alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). "It is not enough . . . to make general statements in the notice of appeal to the BIA, or to level broad assertions in a filing before the Board." *Id.* (internal quotation marks omitted). "[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008).

4

## B. Partisan Adjudicator

Mr. Vergara-Carreto argues the IJ acted as a partisan adjudicator, rather than a neutral factfinder, thereby denying him due process. But he did not raise this issue in his appeal to the BIA. *See, e.g.*, R. at 14 (summary of the argument in BIA brief, stating "The only two questions on appeal is [sic] whether the Respondent's removal will cause an exceptional and extremely unusual hardship and whether the Immigration Judge erred in finding that Mr. Vergara did not have 'good moral character'"). We therefore lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Garcia-Carbajal*, 625 F.3d at 1237.

## C. Independently Dispositive Conclusion of the IJ

Mr. Vergara-Carreto's remaining challenges in his petition for review all concern the findings the IJ made in connection with his conclusion that Mr. Vergara-Carreto had not shown exceptional and extremely unusual hardship to his children from his removal. He argues that this court can review those challenges as a mixed question of law and fact under *Guerrero-Lasprilla v. Barr*, __ U.S. __, 140 S. Ct. 1062 (2020), that he has an equal-protection claim based on the different treatment of his circumstance from that of other similarly situated persons, and that the BIA violated his due-process rights by failing to adequately consider all relevant evidence in connection with the hardship issue.

These arguments, however, ignore the independently dispositive finding of the IJ, which the BIA "adopt[ed] and affirm[ed]," R. at 3, that Mr. Vergara-Carreto was not eligible for cancellation of removal because he did not make the requisite showing of good moral character. Because Mr. Vergara-Carreto does not address the issue in his

5

opening brief, he has waived any challenge to this determination. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [, as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)). Even if we were to reverse the IJ's determination on hardship, Mr. Vergara-Carreto would still be ineligible for cancellation of removal based on the agency's finding of lack of moral character. We therefore deny the petition for review.

## III.    CONCLUSION

We **DISMISS** the petition for review to the extent it argues the IJ acted as a partisan adjudicator and violated Petitioner's due-process rights. In all other respects, we **DENY** the petition for review.

Entered for the Court

Harris L Hartz
Circuit Judge

6